1

2 **UNITED STATES DISTRICT COURT**

3 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

| | |
|---|---|
| 5 **UNITED STATES OF AMERICA,** | **1:14-CR-00173-LJO** |
| 6   **Plaintiff-Respondent,** | **ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS PETITIONER'S PETITION (Doc. 21); ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. 16)** |
| 7   **v.** | |
| 8 **PABLO CISNEROS-VASQUEZ,** | |
| 9   **Defendant-Petitioner.** | |

10

11

12 ## I. INTRODUCTION

13 Pablo Cisneros-Vasquez ("Petitioner"), a prisoner in federal custody, brings a pro se 28 U.S.C. §

2255 motion ("Habeas motion") to vacate, set aside, or correct his sentence.

14

15 ## II. BACKGROUND OF THE CASE

16 On August 21, 2014, Petitioner was indicted on the charge of being a deported alien found in the

United States after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and

17

18 (b)(2). Indictment, Doc. 7. His felony conviction was for corporeal injury to a spouse, a violation of Cal.

Penal Code § 273.5(e), for which he was sentenced to two years' imprisonment. *Id.* On September 5,

19

20 2014, Petitioner signed a plea agreement with the United States ("the government"), wherein he agreed

to plead guilty to this charge. Mem. of Plea Agreement ("Plea Agreement"), Doc. 10 at 2. Petitioner

21

22 waived his right to trial as well as to appeal and other post-conviction remedies. *Id.* at 3. The

government agreed to recommend a two or three level reduction if Petitioner demonstrated acceptance

23

24 of responsibility and an additional two level reduction if he agreed to an early disposition of his case. *Id.*

1

25

26

1    at 6. The agreement describes that the maximum potential sentence Petitioner might receive is twenty

2    years. *Id.* at 10. His plea was entered on October 20, 2014. Doc. 14. He was sentenced to a term of forty-

3    six months on the same date. *Id.*

4         On January 1, 2016, Petitioner filed the instant motion to "vacate, set aside and/or correct

5    sentence, judgment conviction, plea & plea agreement pursuant to 28 U.S.C. § 2255." Habeas Motion,

6    Doc. 16. Petitioner claims that the Court erred in sentencing him because it applied a sixteen-level

7    enhancement based on his prior conviction for domestic violence. *Id.* at 3. Petitioner also claims that the

8    Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), requires this Court to

9    reconsider his sentence. *Id.* at 6.

10        Upon request by this Court, Doc. 17, the government filed an opposition in the form of a motion

11   to dismiss. Mot. to Dismiss Def.'s Mot. Pursuant to 28 U.S.C. § 2255 Motion ("MTD"), Doc. 21. The

12   government argues that Petitioner's motion should be dismissed because he waived his appellate rights.

13   *Id.* at 4. In the alternative, the government argues that Petitioner's claim fails on its merits. *Id.* at 5.

14   Petitioner did not file a reply.

### III. <u>STANDARD OF REVIEW</u>

16        A federal prisoner making a collateral attack against the validity of his or her conviction or

17   sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C.

18   § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.

19   1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in

20   custody was sentenced in violation of the Constitution or laws of the United States. *United States v.*

21   *Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the

22   existence of an error of constitutional magnitude that had a substantial and injurious effect or influence

23   on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is

24

25                                          2

26

1  warranted only where a movant has shown "a fundamental defect which inherently results in a complete

2  miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

3      A petitioner may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so

4  expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d

5  431, 433 (9th Cir. 1994). If a petitioner has effectively waived his rights to appeal and to post-conviction

6  remedies, a district court would not have jurisdiction to hear such a challenge. *Washington v. Lampert*,

7  422 F.3d 864, 869 (9th Cir. 2005).

8                                   **IV. <u>ANALYSIS</u>**

9      The government argues that Petitioner waived his right to appeal and to file post-conviction

10 proceedings, including relief under § 2255, in his Plea Agreement. MTD at 4-5. A plea agreement is a

11 contract and subject to contract law standards. *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir.

12 2001). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a

13 knowing and voluntary waiver of a statutory right is enforceable; *United States v. Abarca*, 985 F.2d

14 1012, 1014 (9th Cir.1993); *see also United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990)

15 ("[I]t is not a due process violation for a Petitioner to waive, in an otherwise valid plea agreement, the

16 statutory right of appeal."). Further, "[a]n unconditional guilty plea waives all non-jurisdictional

17 defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and

18 intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866-67 (9th Cir. 2013). An

19 appeal waiver may not be enforced "if the district court failed to comply with Federal Rule of Criminal

20 Procedure 11, the court informed the Petitioner that he retained the right to appeal, the sentence did not

21 comport with the terms of the plea agreement, or the sentence violated the law." *Id.* at 866 (citing *United*

22 *States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)).

23      Here, as the government points out, Petitioner expressly waived both his right to appeal and his

24

25                                          3

26

1  right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. Plea Agreement at 3. Specifically,

2  Petitioner agreed that his waiver included "his right to appeal his plea, conviction and sentence on any

3  ground" and that he would "not contest his plea, conviction and sentence in any post-conviction

4  proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise."

5  *Id.* Petitioner's challenge that the Court erred when it applied a 16-level enhancement to his sentence,

6  brought pursuant to § 2255, is clearly within the scope of this waiver.

7      As discussed above, waivers such as the one included in Petitioner's Plea Agreement are

8  enforceable if they are made knowingly and voluntarily. *Nunez*, 223 F.3d at 956. In the Plea Agreement,

9  Petitioner affirmed that his plea was "freely and voluntarily made and is not the result of force or threats,

10 or of any promises apart from those specifically set forth in this Plea Agreement." Plea Agreement at 11.

11 Petitioner does not challenge the knowing and voluntary nature of his plea, nor does he give the Court

12 any reason to doubt the integrity of his representation in the Plea Agreement. Therefore, the Court finds

13 that the waiver was made knowingly and voluntarily. Further, Petitioner did not claim that the Court did

14 not comply with Rule 11, misinformed him of his right to appeal, or that the sentence did not comport

15 with terms of the plea agreement or violate the law. Accordingly, this Court lacks jurisdiction to

16 consider the merits of his challenge. *Lampert*, 422 F.3d at 869

17     For the above reasons, the Court GRANTS the government's motion to dismiss Petitioner's

18 motion for relief; Petitioner's motion for § 2255 relief is DENIED.

## V. CERTIFICATE OF APPEALABILITY

20     A Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first

21 obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of

22 appealability will issue only when a Petitioner has made "a substantial showing of the denial of a

23 constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a §

24

25

26

4

1  2255 motion (or claims within a § 2255 motion) on procedural grounds, a Petitioner must show that

2  reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2)

3  whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529

4  U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the

5  merits, a Petitioner must show that reasonable jurists would find the Court's decision on the merits to be

6  debatable or wrong. *Id*. The Court finds that Petitioner has not made any showing, let alone a substantial

7  one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that

8  reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.

9  *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

10  ## VI. <u>CONCLUSION AND ORDER</u>

11  For the reason discussed above, this Court GRANTS the government's motion to dismiss

12  petitioner's petition, Doc. 21, and DENIES Petitioner's § 2255 motion to vacate, set aside, or correct

13  sentence, Doc. 16. The Court also DECLINES to issue a certificate of appealability.

14

15  IT IS SO ORDERED.

16  Dated:   **April 25, 2016**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25                                5

26