# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>PABLO CISNEROS-VASQUEZ,<br><br>Defendant-Petitioner. | Case Nos.  1:14-CR-00173-LJO-SKO-1<br>            1:16-CV-00108-LJO<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE MOTION; DENYING AS MOOT THE GOVERNMENT'S RENEWED MOTION TO DISMISS<br><br>(ECF Nos. 16, 28) |

## I. INTRODUCTION

On January 22, 2016, Defendant-Petitioner Pablo Cisneros-Vasquez ("Petitioner"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 16. Petitioner claims that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), requires the Court to reconsider his sentence. *Id.* at 6.

Upon request by this Court (ECF No. 17), the Government filed an opposition to Petitioner's motion, in the form of a motion to dismiss. ECF No. 21.

The Court subsequently granted the Government's motion to dismiss and denied Petitioner's motion. ECF No. 22. However, on April 28, 2016, the Court vacated this order and reinstated Petitioner's motion upon its realization that Petitioner's case had not been not referred to the Federal Defender's Office ("FDO") pursuant to Eastern District of California General Order 563, which provides for the appointment of a Federal Defender when any pro se motion or petition seeks relief

pursuant to *Johnson*, and referred Petitioner's case to the FDO. ECF No. 23. On July 27, 2016, the FDO notified the Court that it would not supplement Petitioner's § 2255 motion and requested withdrawal as counsel. ECF No. 26.

In light of the FDO's withdrawal, the Court ordered the Government to file a new response to Petitioner's motion and authorized Petitioner to file a response. ECF No. 27. On August 1, 2016, the Government renewed its motion to dismiss. ECF No. 28. Pursuant to the existing briefing schedule in this case, the Court notified Petitioner that his reply to the Government's motion was due by no later than November 22, 2016. ECF No. 30. Petitioner did not file a reply.

For the reasons below, the Court DENIES Petitioner's motion.

## II.   BACKGROUND

On August 21, 2014, Petitioner was indicted on the charge of being a deported alien found in the United States after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). ECF No. 7. His felony conviction, which occurred on or about February 2, 2005, was for corporal injury to a spouse, a violation of California Penal Code ("CPC") § 273.5(e)[1], for which he was sentenced to two years' imprisonment. *Id.*; ECF No. 10 at 7.

On September 5, 2014, Petitioner, assisted by counsel, signed a plea agreement with the Government, wherein he agreed to plead guilty to this charge. ECF No. 10. Petitioner waived his right to trial, as well as to appeal and other post-conviction remedies. *Id.* at 3. The Government agreed to recommend a two or three-level reduction if Petitioner demonstrated acceptance of responsibility and an additional two-level reduction if he agreed to an early disposition of his case. *Id.* at 6. According to the agreement, the maximum potential sentence Petitioner could receive is 20 years. *Id.* at 10.

According to Petitioner's amended pre-plea presentence investigation report ("PSR"), his base offense level is eight. ECF No. 12 ¶ 2. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), the PSR determined that sixteen levels should be added because he had been previously deported subsequent to a conviction for a crime of violence (corporal injury to a spouse, in violation of CPC § 273.5(e)),

---

[1] According to the 2005 version of CPC § 273.5, subsection (e) applies when a defendant is convicted of violating the statute within seven years of a previous conviction under CPC §§ 273.5(a), 243(d), or 243.4, 244, 244.5 or 245. Cal. Penal Code § 273.5 (2005).

for which he served a two-year term of imprisonment. *Id.*¶ 3. Because the PSR anticipated that Petitioner would plead guilty and admit to the stipulated facts in the plea agreement, the PSR recommended a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of twenty-one. *Id.* ¶¶ 6-7. With a criminal history category of V and a total offense level of twenty-one, the PSR determined Petitioner's Guidelines range to be 70 to 87 months. *Id.* at 9. However, the PSR also noted that if a four-level fast track departure under U.S.S.G. § 5K3.1 were applied, Petitioner's total offense level would be seventeen, and his Guidelines range would be 46 to 57 months. *Id.* at 9-10.

Petitioner's plea was entered on October 20, 2014. ECF No. 14. He was sentenced to a term of 46 months imprisonment on the same date. *Id.*; ECF No. 15.

### III.  LEGAL FRAMEWORK

#### A. 28 U.S.C. § 2255

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack … .

28 U.S.C. § 2255(a). Generally, it is only a narrow range of claims that fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

#### B. *Johnson v. United States*

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "force clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson*, 135 S. Ct. at 2556-57, 2563 (2015); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016); *United States v. Bell*, 158 F. Supp. 3d 906, 911-12 (N.D. Cal. 2016).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563.

### C.  Sentencing Enhancements Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii)

The 2013 version of U.S.S.G. § 2L1.2(b)(1)(A)(ii), which was used to calculate Petitioner's Guidelines range, authorizes a sixteen-level enhancement for defendants who have been previously been deported or unlawfully remained in the United States after, *inter alia*, a conviction for a felony that is a "crime of violence" that received criminal history points. For purposes of this section and Petitioner's pending motion, "crime of violence" has been defined to include any offense under federal, state or local law that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[2] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The constitutionality of the language used in this definition, which is nearly identical to the ACCA's "force clause" was not affected by the Supreme Court's decision in *Johnson*, and has been affirmed by the Ninth Circuit. *See Medina v. United States*, Nos. CV 16-05181-BRO, CR 15-00416, 2016

---

[2] The full definition of "crime of violence" contained in the U.S.S.G § 2L1.2 commentary is as follows:

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is given or is not legally valid, such as where consent is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

WL 7480247, at *3 (C.D. Cal. Dec. 29, 2016) (citing *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131-32 (9th Cir. 2016) and *Dimaya v. Lynch*, 803 F.3d 1110, 1120 n.17 (9th Cir. 2015)).

## IV.   ANALYSIS

Petitioner argues that following *Johnson*, his conviction for corporal injury to a spouse, in violation of CPC § 273.5 no longer qualifies as a "crime of violence" for purposes of the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Pet's Br. at 3-4. He further contends that *Johnson* announced a new substantive rule of constitutional law that is retroactively applicable to his case and was previously unavailable to him. *Id.* at 6-7.

The Government argues that Petitioner's motion should be dismissed because he waived his right to collateral attack in his plea agreement and the Court therefore lacks jurisdiction to consider the merits of Petitioner's case. *Id.* at 4. In the alternative, the Government argues that the Court should deny Petitioner's motion on the merits because *Johnson* does not change the determination that Petitioner's CPC § 273.5 conviction is a "crime of violence" that supports the sixteen-level enhancement he received. *Id.* at 6.

### A. Timeliness and Waiver

Generally, a one-year period of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). Furthermore, if a petitioner has expressly waived his rights to appeal and to collaterally attack his sentence, the district court lacks jurisdiction to consider his § 2255 motion. *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005).

Here, Petitioner filed this motion on January 22, 2016, over one year after October 22, 2014, the date that his judgment of conviction became final. *See* ECF Nos. 15, 16. Additionally, as mentioned above, Petitioner waived his right to appeal or bring a collateral attack against his sentence. *See* ECF No. 10. However, because Petitioner has raised issues related to *Johnson*, the Court finds it most appropriate to evaluate the merits of his case, given that both the waiver and timeliness bars would not apply if Petitioner's motion contained a meritorious *Johnson* claim. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'"); *see also United States v. Johnson*, No. 12-cr-00628-RS-1, 2016 WL 6681184, at

5

*2 (N.D. Cal. Nov. 3, 2016) (under *Torres*, "if [the petitioner]'s sentence is deemed illegal, his waiver will not prevent him from collaterally attacking his sentence … Thus, the waiver question is subsumed into the question of whether [the petitioner]'s sentence was illegal. As a result the waiver itself does not automatically defeat [the petitioner]'s claim."); *United States v. Garcia*,___ F. Supp. 3d ___, No 13-cr-00601-JST-1, 2016 WL 4364438, at *3 (N.D. Cal. Aug. 16, 2016) (petitioner challenging § 4B1.2(a) did not procedurally default argument by not raising the issue on direct appeal because the argument was not "reasonably available" before *Johnson* and his motion demonstrated both cause and prejudice). The Court therefore declines to address whether Petitioner's motion is barred by the waiver in his plea agreement or whether it is time-barred and will proceed to the merits of this case. *See, e.g.*, *Hernandez v. United States*, Nos. 4:16-cv-0027-EJL, 4:13-CR-00082-EJL, 2016 WL 6471438, at *3 (D. Idaho Nov. 1, 2016) ("Based on the rule of lenity and because the Court finds the motion should be denied on its merits due to Petitioner's [prior offenses not being impacted by *Johnson*], the Court will deny the Government's waiver and timeliness arguments in this case.").

### B. Merits

The key issue raised in Petitioner's motion is whether his 2005 CPC § 273.5 conviction qualifies as a "crime of violence" that subjects him to the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Under this provision, if a defendant "previously was deported, or unlawfully remained in the United States, after—a conviction for a felony that is … a crime of violence," the defendant will receive a sixteen-level enhancement to his offense level if his conviction receives criminal history points. U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2013). Because Petitioner's CPC § 273.5 conviction received three criminal history points pursuant to U.S.S.G. § 4A.1.1(a), *see* PSR ¶ 12, the Court need only focus its inquiry on whether Petitioner's conviction is a "crime of violence" within the meaning of the definition supplied in the Commentary of U.S.S.G. § 2L1.2. As mentioned above and raised by the Government in its opposition to Petitioner's motion, *see* ECF No. 21 at 5, the relevant provision in the Commentary's "crime of violence" definition is its "force clause," under which a conviction is a crime of violence if it "has as an element, the use, attempted use, or threatened use of physical force against the person of another."

The Court evaluates whether the elements of CPC § 273.5 fall within the force clause of U.S.S.G. § 2L1.2 using the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Gomez-Leon*, 545 F.3d 777, 783 (9th Cir. 2008). To qualify as a "crime of violence" under the elements clause, an offense must have as an element the use, attempted use, or threatened use of "violent force—that is, force capable of causing physical pain or injury to another person." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920-21 (9th Cir. 2014) (citing *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Curtis Johnson*")).

CPC § 273.5 criminalizes any person who "willfully inflicts corporal injury resulting in a traumatic condition upon a person who is his or her spouse …" The statute further defines "traumatic condition" as "a condition of the body, such as a wound or external injury, whether of minor or serious nature, caused by a physical force." CPC § 273.5(c).

Petitioner contends that CPC § 273.5 "does not require the use of violent force and can be violated through a merely reckless use of force." Pet's Br. at 5. However, as noted by the Government, ECF No. 21 at 5, the Ninth Circuit has repeatedly and definitively held that CPC § 273.5 is a categorical crime of violence under the force clause. *United States v. Ayala-Nicanor*, 659 F.3d 744, 748-52 (9th Cir. 2011); *United States v. Laurico Yeno*, 590 F.3d 818, 822-23 (9th Cir. 2010).[3] Specifically, in *Laurico-Yeno*, the Ninth Circuit found that "[s]ection 273.5 does not penalize minimal, non-violent touchings. It penalizes the intentional use of force that results in traumatic condition." 590 F.3d at 822. In direct contravention to Petitioner's argument that CPC § 273.5 might be violated through a reckless use of force, the Ninth Circuit further noted that "[CPC] § 273.5's text does not apply to conduct outside the term 'crime of violence' as defined in the Guidelines. To the contrary, it fits squarely within the term by requiring the deliberate use of force that injures another." *Id.* The Ninth Circuit reiterated this holding in *Ayala-Nicanor*, noting that no California cases support the notion that CPC § 273.5 has been used to punish the non-violent use of force, even after the Supreme Court clarified in *Curtis Johnson* that the "force

---

[3] Furthermore, because both *Laurico-Yeno* and *Ayala-Nicanor* focus their analysis on the "force clause" and not the invalidated residual clause, their holdings are unaffected by *Johnson*. *See United States v. Grant*, No. 09-cr-01035-PJH-1, 2016 WL 3648639, at *2-6 (N.D. Cal. July 8, 2016).

7

clause" requires the use of "violent physical force." 659 F.3d at 752 (citing *Curtis Johnson*, 559 U.S. at 141)).

Accordingly, the Court finds that CPC § 273.5 is categorically a "crime of violence" for purposes of the sentencing enhancement contained in U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it contains as an element the use, attempted use, or threatened use of violent physical force. *Medina*, 2016 WL 7480247 at *4. Petitioner's sentence was therefore properly imposed. *See id.*

## V.     CONCLUSION AND ORDERS

For the reasons above, the Court **DENIES** Petitioner's § 2255 motion (ECF No. 16). Furthermore, because the Court decided Petitioner's motion on its merits, the Court **DENIES AS MOOT** the Government's motion to dismiss Petitioner's § 2255 motion (ECF No. 28). Finally, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **January 26, 2017**              /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE